IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHELLE DE ANN COX,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

No. C 16-07183 WHA

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this social security appeal, this order finds that the ALJ failed to correct the deficiencies identified in plaintiff's prior successful appeal to the district court, and that the ALJ erred in her analysis of the medical opinion evidence. Accordingly, plaintiff's motion for summary judgment is **GRANTED IN PART**, and the Acting Commissioner's cross-motion for summary judgment is **DENIED**.

## STATEMENT

Plaintiff Michelle De Ann Cox appeals from her denial of benefits pursuant to Section 405(g) of Title 42 of the United States Code. This is plaintiff's second appeal to the district court.

### 1. FIRST ALJ DECISION AND APPEAL.

Plaintiff previously appealed another adverse decision by a different ALJ. That appeal was assigned to Magistrate Judge Jacqueline Corley who — in a 43-page well-reasoned opinion — identified multiple errors in the first ALJ's analysis of medical opinion evidence. Specifically, Judge Corley held that the first ALJ improperly discounted the opinions of Drs. Robert Gardner, Daniel Mandelbaum, and Philip Cushman (AR 522).

Among other reasons, the first ALJ discounted each opinion due to its supposed inconsistency "with the bulk of the medical evidence" (AR 21). Judge Corley held, however, that "[i]f an ALJ determines that a treating physician's opinion is inconsistent with the medical record, he must directly identify and discuss those records. Here the ALJ failed to identify and discuss such records, and instead stated only that [the physician's] opinion was inconsistent with the medical evidence of the record as a whole. This is insufficient" (AR 524). Judge Corley therefore remanded for reconsideration of plaintiff's claims.

### 2. SECOND ALJ DECISION.

On remand, the second ALJ mostly adopted the analysis of the first ALJ. Indeed, the second ALJ's decision copied the first ALJ's decision nearly verbatim in numerous places, including on points that were explicitly rejected by Judge Corley.

For example, the first ALJ rejected the opinion of Dr. Cushman in part because (AR 21):

> Dr. Cushman's assigned [Global Assessment of Functioning] score of 60 seems inconsistent with his indication that the claimant would experience significant difficulties with sustained employment.

Judge Corley rejected this rationale in the previous appeal (AR 531):

> The ALJ also erred in rejecting Dr. Cushman's opinion as internally inconsistent based on Dr. Cushman giving Plaintiff a Global Assessment of Functioning (GAF) score of 60, but still finding that she would "experience significant difficulties with sustained employment." (AR 21.) In doing so, the ALJ exaggerated Dr. Cushman's findings. Nowhere did Dr. Cushman state that Plaintiff would experience *significant* difficulties working. Rather, Dr. Cushman only opined that Plaintiff would have difficulties in several work-related functions. (AR 253.) Further, it is not clear that Dr. Cushman's findings are inconsistent

2

> with his designated GAF score. A GAF score between 51 and 60
> indicates moderate symptoms (e.g. flat affect, circumstantial
> speech, occasional panic attacks) or moderate difficulty in social,
> occupational, or school functioning (e.g. few friends, conflicts with
> peers or coworkers). This is consistent with Dr. Cushman's
> finding that Plaintiff would have difficulty getting along with
> supervisors, coworkers, and the public. Because the ALJ failed to
> fully explain why Dr. Cushman's opinion was internally
> inconsistent, the ALJ did not provide a specific, legitimate reason
> to discount his opinion.

On remand, the second ALJ offered no additional justification but simply copied the first ALJ's analysis of this point nearly verbatim (AR 429):

> Dr. Cushman's assigned GAF score of 60 is inconsistent with his
> indication that the claimant would experience significant
> difficulties with sustained employment.

This is just one nonexhaustive example of how the second ALJ ignored Judge Corley's order and repeated the errors of the first ALJ.

This order follows plaintiff's motion for summary judgment and the Acting Commissioner's opposition and cross-motion for summary judgment. Plaintiff did not file a reply brief.

**ANALYSIS**

**1. LEGAL STANDARD.**

A decision denying disability benefits must be upheld if it is supported by substantial evidence and free of legal error. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is "more than a scintilla," but "less than a preponderance." *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ibid.* A reviewing district court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion." *Andrews*, 53 F.3d at 1039. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities;" thus, where the evidence is susceptible to more than one rational interpretation, the decision of the ALJ must be upheld. *Ibid.*

3

The claimant has the burden of proving disability. *Id.* at 1040. Disability claims are evaluated using a five-step inquiry. 20 C.F.R. § 404.1520. In the first four steps, the ALJ must determine: (i) whether the claimant is working, (ii) the medical severity and duration of the claimant's impairment, (iii) whether the disability meets any of those listed in Appendix 1, Subpart P, Regulations No. 4, and (iv) whether the claimant is capable of performing his or her previous job; step five involves a determination of whether the claimant is capable of making an adjustment to other work. 20 C.F.R. § 404.1520(a)(4)(i)–(v). In step five, "the burden shifts to the Secretary to show that the claimant can engage in other types of substantial gainful work that exists in the national economy." *Andrews*, 53 F.3d at 1040.

**2.    THE SECOND ALJ'S FIVE-STEP ANALYSIS.**

In her decision, the second ALJ found at step one of the sequential evaluation process that plaintiff had not engaged in substantial gainful activity since the date of application (AR 420).

At step two, the second ALJ found that plaintiff suffered from fibromyalgia, bipolar disorder, posttraumatic stress disorder, generalized anxiety disorder, and borderline personality disorder (*ibid.*).

At step three, the second ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in Part 404, Subpart P, Appendix 1 of Title 20 of the Code of Federal Regulations (AR 421).

Between steps three and four, the second ALJ determined that plaintiff had the residual functional capacity to perform light work as defined in Section 416.967(b) of Title 20 of the Code of Federal Regulations, except that she was further limited to simple, repetitive tasks, and only occasional public interaction (AR 422).

At step four, the second ALJ found that plaintiff had no past relevant work (AR 434).

At step five, the second ALJ found that jobs existed in significant numbers in the national economy that the claimant could perform (*ibid.*).

4

Accordingly, the second ALJ determined that plaintiff was not disabled as defined in the Social Security Act (*ibid.*).

Plaintiff now argues that the second ALJ failed to address the deficiencies identified in Judge Corley's order, and — like the first ALJ — improperly weighed the medical opinion evidence. For the reasons stated herein, this order agrees.

**3.  THE SECOND ALJ IMPROPERLY WEIGHED THE MEDICAL OPINION EVIDENCE.**

**A.  Consultative Examiner Dr. Mandelbaum.**

The second ALJ gave Dr. Mandelbaum's opinion little weight because (1) Dr. Mandelbaum only reviewed a limited portion of the medical records, (2) Dr. Mandelbaum neglected to phrase his opinions in vocationally relevant terms, and (3) his medical opinion was inconsistent with the bulk of the medical evidence.

The first two rationales are the very same as those offered by the first ALJ and rejected by Judge Corley. This order thus rejects them for the same reasons articulated by Judge Corley (AR 526–27).

In an attempt to cure the deficiencies in the last rationale, the second ALJ cited to thirteen treatment notes that supposedly showed "normal examinations." The second ALJ did not, however, provide her interpretation of the medical evidence or explain how that evidence conflicted with Dr. Mandelbaum's opinion, as required by our court of appeals. *See Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986). Moreover, even a cursory reading of those thirteen notes shows *abnormal* examinations:

- "Missed her Lexapro for 3 days and ended up slugging a wall" (AR 320).

- "Is gaining weight. Continues to have severe fibromyalgia and is waiting on a TAR for Lyrica" (AR 322).

- "Fibromyalgia symptoms much worse - insomnia (she is having nightmares on Restoril), muscle and joint pain, and depression" (AR 324).

- "Severe Fibromyala [sic] symptoms including constant pain, depression and insomnia" (AR 327).

5

1 • "Having nightmares using Ativan for sleep" (AR 329).

2 • "Having panic attacks. Homeless living in a motel with her 2 small
boys. Having severe fibromyalgia symptoms including multiple
3 joint pains, insomnia, and depression" (AR 338).

For the forgoing reasons, and for the reasons identified by Judge Corley that remain uncorrected, this order concludes that the second ALJ, like the first ALJ, erred in her analysis of Dr. Mandelbaum's opinion.

### B. EXAMINING PSYCHOLOGIST DR. CUSHMAN.

The second ALJ gave some weight to Dr. Cushman's opinion that plaintiff was capable of simple, repetitive tasks, and was limited in her ability to interact with others. The second ALJ gave the remainder of Dr. Cushman's opinion little weight supposedly due to his limited review of the medical records, the internal inconsistency of the opinion, and the inconsistency between the opinion and the record as a whole.

These rationales are the very same as those offered by the first ALJ and rejected by Judge Corley. On remand, the second ALJ offered the same rationales with no additional explanation, and even copied nearly word-for-word one rationale Judge Corley explicitly rejected (*compare* AR 21 *with* 531, 429). The second ALJ's discounting of Dr. Cushman's opinion is erroneous for the same reasons articulated by Judge Corley.

### C. TREATING PHYSICIAN DR. GARDNER.

Like the first ALJ, the second ALJ gave Dr. Gardner's opinion little weight supposedly because it was inconsistent with the treatment record, Physician Assistant Joseph Geare's treatment plan, and plaintiff's positive response to treatment. Whereas the first ALJ provided no support for this conclusion — and was thus rejected by Judge Corley — the second ALJ did provide additional reasons for rejecting Dr. Gardner's opinion. Those reasons, however, were not clear and convincing as required to reject the opinion of a treating physician. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

*First*, the second ALJ made a generic reference to "normal exams with good response to treatment" and cited to the administrative record from pages 314 to 371. This reference to 58

6

pages of treatment notes, without discussion, does not satisfy the ALJ's burden to set out "a detailed and thorough summary of the facts and conflicting clinical evidence, stat[e] his interpretation hereof, and make[] findings." *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986).

*Second*, the second ALJ pointed out a supposed inconsistency between Dr. Gardner's source statement, which indicated that plaintiff would require an assistive device for walking, and the treating records, which show no need for such a device. However, no such inconsistency existed. Dr. Gardner's source statement in fact stated explicitly that plaintiff did *not* need an assistive device for walking (AR 386).

Because the second ALJ failed to provide clear and convincing reasons for discounting Dr. Gardner's opinion, this order concludes that the second ALJ erred in her analysis.

### 4. PLAINTIFF'S REQUEST FOR A DETERMINATION OF BENEFITS.

Plaintiff asks that this order remand solely for the purpose of a determination of benefits. Plaintiff argues that the opinions of Drs. Gardner, Mandelbaum, and Cushman — when properly weighed — establish that she was disabled.

Generally, when an order reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). Indeed, it is the claimant who has the burden of proving disability. *Andrews*, 53 F.3d at 1039. This order finds this is not the rare circumstance where the record clearly establishes that plaintiff is disabled such that no remand is necessary. Here, the legal error was the failure to properly support and explain the ALJ's interpretations of the medical opinion evidence, not clear misinterpretations thereof. The more prudent course is to remand to the agency for additional explanation.

This order therefore remands for reconsideration, and does not decide plaintiff's disabled status.

7

**CONCLUSION**

To the foregoing extent, plaintiff's motion for summary judgment is **GRANTED**. Plaintiff's request for an immediate determination of benefits is **DENIED**, and this matter is **REMANDED**. Defendant's cross-motion for summary judgment is **DENIED**. On remand, the administration shall carefully read Judge Corley's order, and address the deficiencies addressed therein.

**IT IS SO ORDERED.**

Dated: March 29, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE