IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHELLE DE ANN COX,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing duties and functions not reserved to the Commissioner of Social Security,

    Defendant.

No. C 16-07183 WHA

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

## INTRODUCTION

In this social security appeal, plaintiff requests the award of attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C Section 2341(a) and (d). Plaintiff requests any award be paid directly to her attorney. For the below listed reasons, plaintiff's request is **GRANTED IN PART** and **DENIED IN PART**.

## STATEMENT

Plaintiff Michelle De Ann Cox previously applied for disability benefits and was denied by an ALJ. Plaintiff appealed her decision to district court in 2015 and Magistrate Judge Jacqueline Scott Corley remanded plaintiff's case, finding that the ALJ had improperly discounted the opinions of medical professionals cited by plaintiff. On remand, a different ALJ evaluated the medical evidence and almost entirely adopted the analysis of the original

ALJ, including the errors indicated by Judge Corley. Plaintiff again appealed the second ALJ decision and a prior order remanded the decision due to its failure to properly weigh the medical evidence — the undersigned judge thereby granted in part plaintiff's motion for summary judgment. Plaintiff now applies for $13,404 in attorney's fees under the Equal Access to Justice Act (EAJA) and requests that the fees be paid directly to her attorney to compensate both the attorney and his law clerk. Defendant failed to timely respond to plaintiff's motion. After being ordered to show cause, defendant ultimately filed a response that disputed only the reasonableness of plaintiff's requested award (Dkt. Nos. 1, 21, 23, 26–27).

**ANALYSIS**

1. **PAYMENT OF ATTORNEY'S FEES.**

Pursuant to the EAJA, a party can receive attorney's fees if (1) a party "prevails" in a civil action and (2) the government's position in the action, including in the underlying administrative proceedings, is not "substantially justified." 28 U.S.C 2 § 412(d)(1)(A); *Yespovich v. Colvin,* 166 F. Supp. 3d 1000, 1002 (N.D. Cal. 2015). Here, plaintiff is entitled to attorney's fees.

*First*, a party that obtains a reversal and remand in a social security benefits case is a prevailing party under the EAJA. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). Given that plaintiff's benefits appeal was reversed and remanded, plaintiff is a prevailing party for the purposes of the EAJA.

*Second*, plaintiff contends that the Deputy Commissioner's position was not substantially justified, as evidenced by the two reversals and remands of the Deputy Commissioner's analysis. No special circumstances have been alleged that would render unjust an award of attorney's fees to plaintiff. § 2412(d)(1)(A). The Government bears the burden to show that its position was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The Deputy Commissioner does not dispute that her position fell short of substantially justified. Further, a prior order found that on remand, the ALJ's rejection of plaintiff's treating doctor's opinion was not justified by the requisite "clear and convincing reasoning supported by substantial evidence." *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th. Cir. 2008).

A finding that an agency's decision lacked substantial evidence is a strong indication that the position of the United State was unjustified. *Meier*, 727 F.3d at 872 (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)). This order agrees with both parties that plaintiff is entitled to attorney's fees.

### 2. REASONABLENESS OF FEES AND EXPENSES.

A plaintiff bears the burden of establishing the reasonableness of the requested fee award under the EAJA. A plaintiff must thereby "document the appropriate hours spent in litigation by submitting evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir.1992). The appropriate number of the hours expended includes hours "reasonably expended in pursuit of the ultimate result achieved, in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter," *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983), and thus does not include hours that are "excessive or duplicative," *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). It follows that fee-shifting does not extend to effort expended on issues not actually adjudicated, *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th. Cir. 2010), though courts should generally defer to the judgment of the winning attorney to determine the appropriate fee award under the EAJA, *Costa*, 690 F.3d at 1136.

The Deputy Commissioner correctly indicates that in the instant case, not all of plaintiff's arguments were adjudicated, as explained below. Our court of appeals mandates that no fees should be awarded for time spent preparing non-adjudicated issues. *Hardisty*, 592 F.3d at 1077. Accordingly, the full fee award requested cannot reasonably be awarded.

If reducing a fee award, a district court must offer a clear explanation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1113 (9th Cir. 2008). This order concludes that plaintiff should be awarded $9,500.33 and will now explain why this figure is appropriate.

| DATE | DESCRIPTION OF WORK | HOURS | GOVERNMENT'S OBJECTIONS |
|---|---|---|---|
| 06/30/2017 | Start drafting law of case. | 1.00 | Not all legal arguments were adjudicated. |
| 07/01/2017 | More draft law of case; final edit; email Mr. Weems. | 4.80 | Not all legal arguments were adjudicated. |
| 07/08/2017 | More draft of summary judgment; compare prior litigation stance. | 1.00 | Not all legal arguments were adjudicated. |
| 07/09/2017 | More draft of summary judgment. | 2.00 | Not all legal arguments were adjudicated. |
| 07/12/2017 | More draft motion of summary judgment re: arg #3. Westlaw research and finalize; e-mail Mr. Weems to review. | 8.00 | Not all legal arguments were adjudicated. |
| 09/01/2017 | Draft motion for summary judgment section dealing with the demand for payment or remand for further proceedings, specifically application of credited-as-true rule and propriety of remand for payments based on B criteria of multiple listings. | 3.70 | Not all legal arguments were adjudicated. |
| 09/05/2017 | Review and revise motion draft discussion of credibility assessment issues. | 4.10 | Not all legal arguments were adjudicated. |
| 09/09/2017 | Review and revise motion further development of step three issues; further development of credibility issues. | 4.00 | Not all legal arguments were adjudicated. |
| 09/10/2017 | Review and revise motion for summary judgment, update introduction and fact discussions; re-examination of AR annotations re underdeveloped arguments. | 2.80 | Not all legal arguments were adjudicated. |

| DATE | DESCRIPTION OF WORK | HOURS | GOVERNMENT'S OBJECTIONS |
|---|---|---|---|
| 09/11/2017 | Review and revise motion for summary judgment; drafting re vocational expert; review AR re same. | 1.70 | Not all legal arguments were adjudicated. |
| 09/16/2017 | Review and revise motion for summary judgment. | 5.00 | Not all legal arguments were adjudicated. |
| 09/18/2017 | Continued revision of brief, rework and streamline facts, arguments and discussion. | 4.20 | Not all legal arguments were adjudicated. |
| 09/25/2017 | Revise and streamline brief. | 3.40 | Not all legal arguments were adjudicated. |
| 09/26/2017 | Revise and streamline brief; finalize same. | 3.30 | Not all legal arguments were adjudicated. |

In the above listed hours, plaintiff's counsel billed for time spent drafting the motion for summary judgment, which contained several pages of material never adjudicated, and time spent researching and drafting specific portions of the motion which were never adjudicated. Six pages of plaintiff's 25-page brief were devoted to material not considered in the second remand for further proceedings. Accordingly, 24 percent of drafting this motion for summary judgment should not be compensated and work on discrete non-adjudicated issues should be entirely uncompensated. The order granting summary judgment, however, adjudicated the briefed issue of improper weighing of medical evidence and relied upon case background, which together constituted the majority of plaintiff's brief. The compensation for the work performed on June 30 and July 1, 8, and 9 has accordingly been reduced by 24 percent, as has the work performed on September 10, 16, 18, 25, and 26. The work on July 12 and September 5 and 9 cannot be compensated. Plaintiff may be compensated for half the work performed on September 11. Plaintiff may thus be awarded $9,500.33 in attorney's fees.

The Deputy Commissioner argues that plaintiff's fee award should be half of what plaintiff requests, or $6,702. The fee award, she posits, should be further reduced given

5

plaintiff's counsel's expertise and due to the time customarily invested in litigating social security benefits appeals. When awarding fees under the EAJA, not only should courts defer to the winning counsel's assertion of the proper fee award, but courts cannot impose a de facto limit on fee awards based on the time usually spent litigating "routine" social security cases. *See Costa*, 690 F.3d at 1136. Defendant's arguments are thus not persuasive in further reducing the fee award.

### 3. DIRECT PAYMENT TO ATTORNEY.

A plain reading of the Anti-Assignment Act, which generally forbids an assignment of the right to be paid directly from the United States Treasury, mandates that an interest in a case cannot be assigned unless the requirements for the assignment enumerated in the Act are met. *See United States v. Kim*, 806 F.3d 1161, 1165–69 (9th Cir. 2015). Alternatively, the Government can waive the requirements of the Act. *United States v. $186,416 in United States Currency*, 722 F.3d 1173, 1176 (9th. Cir. 2013). The attorney, however, has no statutory right to the direct payment of the attorney's fee award under the EAJA. Parties can contract for such a direct assignment, but the Government must either waive the requirements of the Anti-Assignment Act or the assignment must comport with the Act in order to effectuate direct payment to the attorney. Further, EAJA fees are subject to offset if the prevailing party owes a government debt. *Astrue v. Ratliff*, 560 U.S. 586, 591–97 (2010).

Here, plaintiff's counsel has submitted a fee agreement that indicates plaintiff had assigned any attorney's fee award under the EAJA to counsel (Dkt. No. 24, Exh. 1). There is no information on whether plaintiff owes a pre-existing debt to the government. Accordingly, this order holds EAJA fees shall be paid directly to plaintiff's counsel.

**CONCLUSION**

For the reasons above, plaintiff's motion for attorney's fees is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is entitled to recover reasonable attorney's fees in the amount of $9,500.33, to be paid directly to plaintiff's counsel. The August 16 hearing is thereby **VACATED**.

**IT IS SO ORDERED.**

Dated: August 6, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE